1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| EVE POLLACK,<br><br>          Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social<br>Security,<br>          Defendant. | Case No. CV 06-2693 JC<br><br>MEMORANDUM OPINION |

18 **I.    SUMMARY**

19      On May 5, 2006, plaintiff Eve Pollack ("plaintiff") filed a Complaint

20 seeking review of the Commissioner of Social Security's denial of plaintiff's

21 application for benefits.  The parties have filed a consent to proceed before a

22 United States Magistrate Judge.

23      This matter is before the Court on the parties' cross-motions for summary

24 judgment, respectively ("Plaintiff's Motion) and ("Defendant's Motion").  The

25
26
27
28

[1]Michael J. Astrue is substituted as Commissioner of Social Security pursuant to Fed. R.
Civ. P. 25(d)(1).

1

1   Court has taken both motions under submission without oral argument.  See Fed.

2   R. Civ. P. 78; L.R. 7-15; May 16, 2006 Case Management Order, ¶ 5.

3          After consideration of the record as a whole and the applicable law,

4   Defendant's Motion is granted, and Plaintiff's Motion is denied because the

5   decision of the Administrative Law Judge ("ALJ") is supported by substantial

6   evidence and is free from material error.[2]  The Court finds that the ALJ presented

7   specific findings with clear and convincing reasons to discount plaintiff's

8   testimony regarding her subjective complaints and allegations of disabling

9   limitations.

10  **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

11          **DECISION**

12          On October 9, 2003, plaintiff filed an application for Disability Insurance

13  Benefits.  (Administrative Record ("AR") 89).  Plaintiff asserted that she became

14  disabled on October 3, 2002, due to multiple sclerosis, loss of feeling in her arms

15  and legs, dizziness and "not thinking straight." (AR 98).  On March 16, 2004,

16  plaintiff also alleged that she suffers from daily migraine headaches, fatigue

17  "somedays," and blurry vision.  (AR 129).  An ALJ examined the medical record

18  and heard testimony from plaintiff (who was represented by counsel), two medical

19  experts, and a vocational expert on April 15, 2005.  (AR 46, 362-406).

20          On June 15, 2005, the ALJ determined that plaintiff was not disabled

21  through the date of the decision.  (AR 34-48).  Specifically, the ALJ found:

22  (1) plaintiff suffered from the following severe impairments:  carpal tunnel

23  ///

24  ///

25  ///

26

27          [2]The harmless error rule applies to the review of administrative decisions regarding
28  disability.  See Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless
    error standard); see also Stout v. Commissioner, 454 F.3d 1050, 1054-56 (9th Cir. 2006)
    (discussing contours of application of harmless error standard in social security cases).

1  syndrome, migraine headaches, obesity and asthma (AR 38, 46);[3] (2) plaintiff's

2  impairments, considered alone or in combination, did not meet or medically equal

3  one of the listed impairments (AR 42, 46); (3) plaintiff had the following residual

4  functional capacity:  (a) she could (i) lift/carry twenty pounds occasionally and ten

5  pounds frequently; (ii) stand/walk for six hours of an eight hour day; (iii) sit for

6  six hours of an eight hour day; and (iv) climb ramps and stairs frequently; (b) she

7  was unable to climb ladders, ropes and scaffolds; (c) she must avoid (i) all

8  exposure to vibration; and (ii) more than occasional exposure to airborne irritants

9  above street level; and (d) she had limited concentration, persistence and pace due

10  to fatigue resulting in a limitation to simple, i.e., no more than four step, tasks.

11  (AR 42, 46-47);[4] (4) plaintiff could not perform her past relevant work (AR 45,

12  47); (5) plaintiff could perform a significant number of jobs in the national

13  economy, including cashier II, electronics worker and counter clerk (AR 45, 47);

14  and (6) plaintiff's allegations of disabling symptoms and limitations were not

15  credible. (AR 42-45, 47).

16  Plaintiff sought review of the ALJ's decision and submitted additional

17  materials for consideration by the Appeals Council.  (AR 8-9, 14, 28-30).  The

18  Appeals Council denied plaintiff's application for review.  (AR 5-8).

19  **III.   APPLICABLE LEGAL STANDARDS**

20  **A.   Sequential Evaluation Process**

21  To qualify for disability benefits, a claimant must show that she is unable to

22  engage in any substantial gainful activity by reason of a medically determinable

23

24

25  [3]The ALJ also discussed evidence regarding plaintiff's alleged multiple sclerosis.  (AR
41-42).  The ALJ appears to have adopted the opinion of the testifying medical expert that
26  plaintiff's alleged multiple sclerosis was not a medically determinable impairment.  (AR 37, 38,
41-42).

27

28  [4]The ALJ further noted that plaintiff's depressive disorder caused a mild restriction of the
activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in
maintaining concentration, persistence, or pace, and no episodes of decompensation.  (AR 46).

physical or mental impairment which can be expected to result in death or which
has lasted or can be expected to last for a continuous period of at least twelve
months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C.
§ 423(d)(1)(A).  The impairment must render the claimant incapable of
performing the work she previously performed and incapable of performing any
other substantial gainful employment that exists in the national economy.  Tackett
v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step
sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity?  If
so, the claimant is not disabled.  If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit
her ability to work?  If not, the claimant is not disabled.  If so,
proceed to step three.

(3) Does the claimant's impairment, or combination of
impairments, meet or equal an impairment listed in 20 C.F.R.
Part 404, Subpart P, Appendix 1?  If so, the claimant is
disabled.  If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to
perform her past relevant work?[5]  If so, the claimant is not
disabled.  If not, proceed to step five.

(5) Does the claimant's RFC, when considered with the claimant's
age, education, and work experience, allow her to adjust to
other work that exists in significant numbers in the national
economy?  If so, the claimant is not disabled.  If not, the
claimant is disabled.

---

[5]Residual functional capacity is "what [one] can still do despite [ones] limitations" and
represents an "assessment based upon all of the relevant evidence."  20 C.F.R. § 404.1545(a).

4

1  Stout v. Commissioner, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§

2  404.1520, 416.920).

3        The ALJ has an affirmative duty to assist the claimant in developing the

4  record at every step of the inquiry.  Bustamante v. Massanari, 262 F.3d 949, 954

5  (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005)

6  (ALJ has special duty to fully and fairly develop record and to assure that

7  claimant's interests are considered).  The claimant has the burden of proof at steps

8  one through four, and the Commissioner has the burden of proof at step five.

9  Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679

10  (claimant carries initial burden of proving disability).  If, at step four, the claimant

11  meets her burden of establishing an inability to perform past work, the

12  Commissioner must show, at step five, that the claimant can perform some other

13  work that exists in "significant numbers" in the national economy, taking into

14  account the claimant's residual functional capacity, age, education, and work

15  experience.  Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)).  The

16  Commissioner may do so by the testimony of a vocational expert or by reference

17  to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P,

18  Appendix 2 (commonly known as "the Grids").  Id.

19      **B.**   **Standard of Review**

20        Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

21  benefits only if it is not supported by substantial evidence or if it is based on legal

22  error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

23  2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

24  (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

25  mind might accept as adequate to support a conclusion."  Richardson v. Perales,

26  402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

27  mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing

28  Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

1    To determine whether substantial evidence supports a finding, a court must
2    "'consider the record as a whole, weighing both evidence that supports and
3    evidence that detracts from the [Commissioner's] conclusion.'" Aukland v.
4    Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d
5    953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming
6    or reversing the ALJ's conclusion, a court may not substitute its judgment for that
7    of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

8    **IV.   DISCUSSION**

9        Plaintiff argues that the Commissioner's determination of non-disability
10   should be reversed because the ALJ failed properly to evaluate her subjective
11   complaints.  (Plaintiff's Motion at 3).[6]  She contends that her statements regarding
12   pain and her other subjective symptoms are suggestive of multiple sclerosis and
13   should not have been discounted by the ALJ.  (AR 6).

14       **A.     Applicable Law**

15       An ALJ is not required to believe every allegation of disabling pain or other
16   non-exertional impairment.  Orn v. Astrue, 2007 WL 2034287, at *9 (9th Cir. July
17   16, 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record
18   establishes the existence of a medically determinable impairment that could
19   reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must
20   make a finding as to the credibility of the claimant's statements about the
21   symptoms and their functional effect.  Robbins, 466 F.3d 880 at 883 (citations
22   omitted).  Unless an ALJ makes a finding of malingering based on affirmative
23   evidence thereof, the ALJ may reject a claimant's testimony regarding the severity
24   of her symptoms only if the ALJ makes specific findings stating clear and
25   convincing reasons for doing so.  Id.  (citations omitted).  The ALJ's credibility

26

27   _____

28       [6]As plaintiff does not assert any other basis upon which the ALJ's non-disability
     determination was allegedly unsupported by substantial evidence, or any other respect in which
     the ALJ allegedly materially erred, this Court likewise confines its analysis to the ALJ's
     evaluation of plaintiff's credibility.

findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony."  Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).  To find the claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (e.g., reputation for dishonesty), internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (e.g., daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment).  Orn, 2007 WL 2034287, at *9; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; SSR 96-7p.  Although an ALJ may not disregard such claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his credibility assessment.  Burch, 400 F.3d at 681.

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner.  Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006).  If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

**B.     The ALJ's Credibility Assessment Is Based On Substantial Evidence and Is Free from Material Error**

This Court concludes that the ALJ's credibility assessment of plaintiff's subjective symptoms and complaints is based on substantial evidence and is free from material error.

Plaintiff's Motion can be read to argue, at least in part, that the ALJ erred in concluding that plaintiff's alleged multiple sclerosis was not a medically

///

///

7

determinable impairment.[7]  As noted above, the ALJ must make findings as to a claimant's statements about particular symptoms and their functional effects only when the record reflects the existence of a medically determinable impairment that could reasonably give rise to such symptoms.  Here, plaintiff contends that the testimony of the medical expert who opined that plaintiff's alleged multiple sclerosis was not medically determinable – testimony which the ALJ appears to have adopted – is belied by the record.  (AR 37, 38, 366-67).  Specifically, plaintiff suggests that the medical expert's opinion is belied by plaintiff's symptoms, her history of complaints to her doctors, plaintiff's layman interpretation of the medical record, and information plaintiff has acquired over the internet.  (Plaintiff's Motion at 6).  Plaintiff concedes, however, that "no definitive diagnosis of multiple sclerosis (MS) has been made."  (Plaintiff's Motion at 6).

This Court concludes that the ALJ did not err in adopting the medical expert's opinion because, as the ALJ's detailed discussion of the evidence reflects, the expert's opinion was supported by other evidence in the record.  See Morgan v. Commissioner, 169 F.3d 595, 600-01 (9th Cir. 1999) ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it").  For example, the ALJ noted that Dr. Speier reported that an MRI of plaintiff's brain did not show plaintiff to have the classic indications of multiple sclerosis, and that examining physician Dr. Maurice "doubted" that plaintiff had multiple sclerosis. (AR 41).  Although the record also contains conflicting medical opinions, where, as here, the evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision.  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); see also Morgan, 169 F.3d at 601 (where medical reports

---

[7]Plaintiff does not argue that the ALJ erred in determining that plaintiff's alleged multiple sclerosis was not a "severe" impairment.

8

1  are inconclusive, the resolution of conflicts in the evidence is the province of the

2  Commissioner).

3       Even assuming, however, that the ALJ erroneously refused to characterize

4  plaintiff's alleged multiple sclerosis as a medically determinable impairment, such

5  error was harmless because the ALJ in fact made specific findings stating clear

6  and convincing reasons for rejecting plaintiff's subjective complaints.  The ALJ

7  comprehensively listed his reasons for not crediting plaintiff's subjective

8  complaints.  (AR 43-44).  He noted several inconsistencies between plaintiff's

9  complaints/testimony regarding her symptoms and functional limitations and

10 either plaintiff's reports to her physicians, findings by such physicians, or

11 objective medical evidence in the record.  The Court will not here discuss each of

12 the nineteen reasons cited by the ALJ, but will address some of the findings below.

13      First, the ALJ noted that plaintiff's treatment has been conservative and that

14 the record does not reflect that she requires any special accommodations to relieve

15 her pain or other symptoms.  Plaintiff does not challenge these findings by the

16 ALJ.

17      Second, the ALJ noted that plaintiff's testimony regarding her muscle pain

18 was inconsistent with statements she made to her physicians.  (AR 44).  Plaintiff

19 testified that she experiences "stabbing" muscle pain in her legs on a daily basis.

20 (AR 394).  However, plaintiff denied having any pain to her physicians at Sierra

21 Vista Family Care during numerous visits, and described her pain as no more than

22 moderate during other visits.  (AR 44, 173, 174, 177, 179, 183, 184, 185, 189,

23 192, 254, 255, 257, 258).

24      Third, the ALJ noted that plaintiff's complaints of significant physical

25 weakness were contradicted by Dr. Karnani's finding on September 29, 2004 that

26 plaintiff has normal motor strength and the fact that no physician described

27 plaintiff as having significant physical weakness.   (AR 43, 50, 262, 355).

28 Although plaintiff argues that other parts of the record "show decreased strength,"

1    she does not specifically point the Court to any such observations or findings by

2    her physicians.  (Plaintiff's Motion at 6).  Instead she directs the Court only to

3    citations listed elsewhere in Plaintiff's Motion which purport to identify other

4    instances in which plaintiff has made statements regarding her pain and other

5    subjective symptoms.  (Plaintiff's Motion at 6).  As the ALJ properly focused on

6    the inconsistency between plaintiff's statements and the observations/findings of

7    physicians, plaintiff's references to other instances in which plaintiff has made

8    similar statements, do not undermine the ALJ's findings in this regard.

9         Fourth, the ALJ noted that despite plaintiff complaints that she had

10   difficulty walking, plaintiff's physicians observed her to have a normal gait on

11   February 11, 2002, July 10, 2002 and September 29, 2004.  (AR 43, 140-41, 245,

12   250, 262, 355).  Although plaintiff again argues that other parts of the record show

13   that plaintiff has an "abnormal gait," she again does not specifically point the

14   Court to any such observations or findings by her physicians.  (Plaintiff's Motion

15   at 6).  Instead she again directs the Court only to citations listed elsewhere in

16   Plaintiff's Motion which purport to identify other instances in which plaintiff has

17   made statements regarding her pain and other subjective symptoms.  (Plaintiff's

18   Motion at 6).  For the same reason noted above, the ALJ's findings are not

19   undercut by plaintiff's claim in this regard.

20        Finally and significantly, the ALJ noted and plaintiff does not dispute that

21   no physician opined that plaintiff was totally disabled from all employment for any

22   twelve-month period.  (AR 43).  See Matthews v. Shalala, 10 F.3d 678, 680 (9th

23   Cir. 1993) (in upholding the Commissioner's decision, the Court emphasized:

24   "None of the doctors who examined [claimant] expressed the opinion that he was

25   totally disabled"); accord Curry v. Sullivan, 925 F.2d 1127, 1130 n.1 (9th Cir.

26   1990) (upholding Commissioner and noting that after surgery, no doctor suggested

27   claimant was disabled).

28   ///

1    The ALJ appears to have conducted an exhaustive review of the record in

2 this matter and has provided clear, convincing and specific reasons for discrediting

3 plaintiff's credibility.  The ALJ's credibility assessment of plaintiff's subjective

4 symptoms and complaints is based on substantial evidence and is free from

5 material error.

6 **V.    CONCLUSION**

7    The decision of the Commissioner is therefore AFFIRMED.

8

9 DATED:  September 10, 2007

10                                           _____/s/_____

11                                           Honorable Jacqueline Chooljian
                                            UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28